United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) Criminal Case No. 16-20417-CR-Scola ) ) |
| Diego Andres Rivarola, Defendant. | ) ) |

### Order on Motion for Compassionate Release

Now before the Court is the Defendant Diego Andres Rivarola's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), requesting that the Court release Rivarola from prison due to threat posed by the Covid-19 pandemic. For the reasons set forth below, the Court **denies without prejudice and with leave to refile** the Defendant's motion. (**ECF No. 42**.)

Rivarola admits he has failed to exhaust his administrative remedies. (ECF No. 42, at 7.) 18 U.S.C. § 3582 allows the Court to consider a defendant's motion for compassionate release after the defendant has exhausted his administrative rights to appeal the Bureau of Prisons' denial of a request for release "or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Where thirty days have not passed after submitting a request to the warden, the statute "presents a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), *as revised* (Apr. 8, 2020); *see also United States v. Epstein*, 2020 WL 1808616, at *4 (D.N.J. Apr. 9, 2020) (citing numerous cases for the proposition that an inmate must comply with this subsection before filing a compassionate release motion). However, the Court acknowledges that there is a limited exception to the requirement, where its enforcement would occasion "undue prejudice to subsequent assertion of a court action." *McCarthy v. Madigan*, 503 U.S. 140, 146-47 (1992). "Although § 3582(c)(1)(A) plainly imposes an administrative exhaustion requirement, the United States Supreme Court has held that, even in such circumstances, an exception exists where 'the interests of the individual weigh heavily against requiring administrative exhaustion.'" *United States v. Minor*, Case No. 18-80152 (S.D. Fla. Apr. 17, 2020) (Middlebrooks, J.) (citing *McCarthy*, 503 U.S. at 146). For example, this Court waived the exhaustion requirement in *United States v. Lima* because the defendant was 85 years old and suffered from a number of

particularly severe medical conditions. Case No. 16-20088 (S.D. Fla. May 11, 2020) (Scola, J.). That defendant's interests in release from prison weighed heavily against the need for her to appeal the Bureau of Prisons' denial of her request for release because her risk of contracting a severe case of coronavirus and dying in prison was particularly great.

Rivarola submitted his compassionate release request on July 19, 2020. (ECF No. 43, App'x 1 at 6.) On August 17, 2020, 29 days later, the prison Warden responded to Rivarola's request seeking additional information as the request failed to include "a release plan" and "specific details" on his request for reduction in sentence. (*Id.* at 7.) Indeed, Rivarola's request simply stated "I meet all three extraordinary and compelling reasons as well determined by the Director of the Bureau of Prisons" and that he is aware that "Bureau of Prisons is not prepared to handle this crisis." (*Id.* at 6.)

Rivarola's motion for compassionate release is improper under 18 U.S.C. § 3582(c)(1)(A). Rivarola failed to respond to the Warden's request for additional information, which was received by Rivarola within the 30 day exhaustion period. The Warden's follow-up request sought information that "shall at a minimum" be included in a request for compassionate release, including "proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a)(2); *see also* Order, *United States v. Montoya-Clavijo*, Case No. 11-20809-CR-Lenard (S.D. Fla. June 25, 2020) (Lenard, J.), ECF No. 177, at 8-9 (same). Rivarola's request completely omitted this required information and therefore was a procedurally improper request to the Warden and failed to initiate the exhaustion period. *See United States v. Williams*, Criminal No. 3:07-CR-0285-B-2, at *2 (N.D. Texas July 8, 2020) (finding a compassionate release request omitting information required by 18 C.F.R. § 571.61 did not begin the thirty-day exhaustion period). Ultimately, the requirements under 18 U.S.C. § 3582(c)(1)(A) are appropriate "because the BOP is better positioned to assess an individual inmate's present circumstances" and accordingly "the expertise and informed assessment of the BOP should not be heedlessly omitted from the process." *United States v. Israel*, Case No. 95-00314-CR-Lenard, 2020 WL 3893987, at *7 (S.D. Fla. July 10, 2020) (Lenard, J.) (internal citations omitted). The Court agrees with the government that the requested information was necessary for the prison Warden to reach an informed decision in order to fully evaluate the Defendant's request.

While Rivarola asks this Court to waive exhaustion, the Court declines to do so as Rivarola has provided no evidence he submitted a proper request to the Warden. Because he has not yet complied with, or shown that he need not

comply with, the statute's requirements, it is improper for the Court to grant this motion at this time. *See* Order, *United States v. Montoya-Clavijo*, Case No. 11-20809-CR-Lenard (S.D. Fla. June 25, 2020) (Lenard, J.), ECF No. 177, at 8-9.

In sum, the Court **denies without prejudice and with leave to refile** the Defendant's motion once he has exhausted his administrative remedies or when he can demonstrate that the exhaustion requirement should not be enforced. (**ECF No. 42**.)

**Done and ordered** at Miami, Florida, on September 9, 2020.

_____
Robert N. Scola, Jr.
United States District Judge